# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

SAM EDWARD THURMOND, SR.,                                        PLAINTIFF
ADC #127149

v.                                4:17CV00507-BSM-JTK

TIM RYALS, et al.                                                               DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

     1.     Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.   Introduction

Plaintiff Sam Thurmond, a state inmate incarcerated at the Barbara Ester Unit of the Arkansas Department of Correction (ADC), filed this pro se action pursuant to 42 U.S.C. § 1983, while confined at the Faulkner County Detention Facility (Jail). He alleged that Defendants Ryals, Andrews, and Riedmueller (sued as Reedmiller) denied his right to access to the courts with respect to his parole revocation hearing.[1]

This matter is before the Court on Defendants' Motion for Summary Judgment,

---

[1] Defendant Chris Riedmueller provided his correct name in his Answer, filed August 10, 2017 (Doc. No. 10).

Brief in Support, and Statement of Facts (Doc. Nos. 30-32). Plaintiff filed a Response, Brief, and Affidavit (Doc. Nos. 33-35), and Defendants filed a Reply (Doc. No. 37).

## II. Amended Complaint (Doc. No. 9)

On February 5, 2017, Plaintiff was charged with robbery and battery and transferred to Unit 2 of the Jail. (Doc. No. 9, p. 2) That same day, he also was served notice of a parole violation based on that arrest. (Id., p. 3) He filed a grievance with Defendant Andrews, stating he was proceeding pro se, and requested policies and procedures for parole revocation together with several specific cases, including Payne v. State and Williams v. State. (Id.) Andrews responded that he did not have that information and as a result, Plaintiff could not effectively represent himself at his parole revocation hearing, held on May 1, 2017. (Id.) Plaintiff claimed the policy of the Jail denied him access to the courts or to a person trained in the law, and led to his revocation. (Id.) He also claimed Defendant Sheriff Ryals failed to adequately train his employees, and Defendant Officer Andrews denied him access to the courts. (Id., pp. 1-2) In a prior amendment, he also alleged Defendant Riedmueller denied him access to the courts. (Doc. No. 4-1, p. 2)

## III. Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

3

affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A.   Official Capacity

Defendants ask the Court to dismiss Plaintiff's claims against them in their official capacities.  A suit against a county official in his official capacity is the equivalent of a suit against the county itself.  Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998).  In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions.  Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990).  In this case, Defendants state Plaintiff does not identify a policy or custom which led to the alleged denial of access to the courts.  In response, Plaintiff states that the Jail had an official policy which was the moving force behind his being denied access to the courts, an adequate law library, legal materials, or persons trained in the law. (Doc. No. 34, p. 3)

4

However, Plaintiff never specifies the policy or custom and does not state how the policy, custom or practice hindered his access to the courts. Therefore, absent more specific facts and/or allegations, the Court finds as a matter of law that Plaintiff fails to support a claim for damages against Defendants in their official capacities.

**B.     Individual Capacity**

Defendants also ask the Court to dismiss Plaintiff's claims against them in their individual capacities, based on qualified immunity, which protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223,

5

232 (2009).² Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

Defendants Ryals and Riedmueller ask the Court to dismiss them because Plaintiff failed to state any clear constitutional violations by them. Plaintiff did not mention these Defendants in his Response to the Motion. The Court finds that he does not state a claim upon which relief may be granted as to these two Defendants. Plaintiff did not mention Riedmueller at all in his most recent Amended Complaint, and his allegations against Ryals appear to be based on his supervisory capacity as Sheriff. Supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employees' allegedly unconstitutional actions. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993). Since Plaintiff did not allege any personal involvement by either Ryals or Riedmueller, the Court finds that his claims against these two Defendants should be dismissed.

Defendant Andrews also asks to be dismissed, based on Plaintiff's failure to show

---

²Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

that his actions denied Plaintiff access to the courts and caused an actual injury to a legal proceeding. Plaintiff alleged that Defendant failed to provide him with any of his requested legal materials, and as a result, Plaintiff's parole was revoked and his appeal was denied. Defendant Riedmueller states in his affidavit that the Jail allowed inmates to request legal materials through the inmate kiosk system, and once the request was made, the Jail staff provided the inmate with the materials requested, but not to direct access to legal books because inmates defaced those books. (Doc. No. 32-1, p. 5) According to the requests Plaintiff filed, he requested a copy of the Arkansas criminal statutes defining battery and robbery on February 7, 2017, and Andrews responded by asking if Plaintiff was proceeding pro se. (Doc. No. 32-1, p. 32) Plaintiff replied that he would like to use the law library to research the statutes governing robbery and battery, and Andrews again stated that he must be pro se. (Id., p. 33) Plaintiff next requested a copy of the parole point system on February 11, 2017, and Andrews responded that he did not have any information about that. (Id., p. 37) On February 22, 2017, Plaintiff stated he was representing himself at his parole hearing and requested a copy of Arkansas policy and procedure for parole revocation hearings. (Id., p. 4) Andrews did not respond to the grievance until March 2, 2017, at which time he stated that Plaintiff had already attended the hearing. (Id., p. 39) On March 6, 2017, Plaintiff requested several cases, and Andrews responded that the request was addressed. (Id., p. 41) On March 5, 2017, Plaintiff again requested parole policies and procedures for his appeal, and Andrews again responded that

7

he did not have access to that information. (Id., p. 41) On March 14, 2017, Plaintiff stated that he received some of the wrong cases he requested, and Andrews responded that Sgt. Page was working on that request. (Id., p. 42) On May 5, 2017, Plaintiff requested case citations on police brutality and unnecessary use of force and Andrews responded that Plaintiff must be specific with his case law request. (Id., p. 43) On May 8, 2017, May 11, 2017, May 13, 2017, May 14, 2017, May 15, 2017, May 16, 2017, May 25, 2017, and May 27, 2017, Plaintiff's requests for specific cases and statutes were "submitted." (Id., pp. 44-47, 49-50, 53-54) His original complaint was filed on April 10, 2017 (Doc. No. 2) and his latest amended complaint was filed on August 10, 2017 (Doc. Nos. 8-9).

Plaintiff received official notice of his parole violation on February 15, 2017 (Doc. No. 34, p. 6), and on February 24, 2017, he received notice of the parole revocation hearing. (Id., p. 10). According to the record of the hearing on March 1, 2017, Plaintiff was present and questioned witnesses. (Id., p. 13, 15). Plaintiff appealed to the Parole Board and the decision to revoke was affirmed on March 30, 2017. (Id., p. 14)

"To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." White v. Kautzky, 494 F.3d 677, 680 (8th Cir.2007) (citations omitted). "To prove actual injury, [a prisoner] must 'demonstrate that a nonfrivolous legal claim had

been frustrated or was being impeded.'" Id. (quoting Lewis v. Casey, 518 U.S. 343, 353, (1996)). See also Chappell v. Helder, 696 F.Supp.2d 1021, 1029-30 (W.D.Ark. 2010). In this particular case, Plaintiff submitted two requests for legal materials prior to his hearing: for the battery and robbery statutes and for parole policies and procedures. It appears that his request for the statutes was not submitted because he failed to clarify at the time of the requests that he was proceeding pro se, as opposed to being represented by an attorney. And apparently Defendant Andrews lacked access to the parole policies and procedures. However, having reviewed the revocation charges against Plaintiff and the parole hearing proceedings, the Court is unclear how the lack of those materials caused Plaintiff injury, or how his possession of those materials would have prevented the revocation of his parole.[3] In addition, Defendant clearly provided to Plaintiff all the requested case law after his hearing and prior to his appeal. Plaintiff does not specify what materials during that period he was denied, or how any of Defendant Andrews' actions caused injury to Plaintiff's appeal efforts. As stated by the Supreme Court in Lewis v. Casey, the Plaintiff must show that "the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." 518 U.S. at 351. In this case, however, Plaintiff attended his revocation hearing and was given the opportunity to testify and question witnesses. (Doc. No. 34, pp. 6, 12-13) In addition, his

---

[3] The exhibits presented by both Plaintiff and Defendants contradicts Plaintiff's claim in his Amended Complaint that he requested specific case law prior to his parole hearing, and that his parole hearing took place on May 1, 2017. Instead, according to these documents, he did not request specific case law until March 6, 2017, which occurred after his hearing on March 1, 2017. See Doc. No. 34, pp. 10-12, 20).

requests for legal materials following the hearing in preparation of his appeal were granted. See Riedmueller Affidavit, Doc. No. 32-1, pp. 1-5. Plaintiff provides no evidence to show that Andrews denied him any materials which caused a legal injury or in any other way impeded his access to the courts.

Therefore, the Court finds as a matter of law that Defendant Andrews acted reasonably under the circumstances, and that no reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 30) be GRANTED, and Plaintiff's Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 24th day of May, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE